REVISED AUGUST 28, 2008

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-60096
Summary Calendar

GOVINDA PRASAD PYAKUREL

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 548 951

Before GARWOOD, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nepalese citizen Govinda Prasad Pyakurel petitions for review of the decisions of the Board of Immigration Appeals (BIA) denying him asylum, withholding of removal, and relief under the Convention Against Torture (CAT) and denying his motion to reopen his proceedings. Pyakurel contends that the BIA and the Immigration Judge incorrectly relied on inconsistencies and implausibilities that did not go to the heart of his claims. He argues that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to reopen should have been granted because the inclusion of the Communist Party of Nepal (Maoist) in the Nepalese government and the expansion of the Maoist presence in Kathmandu suggest that he cannot safely reside in that city.

The BIA (even assuming the general credibility of Pyakurel's evidence) determined that Pyakurel had not demonstrated either past persecution on a protected ground or a well grounded fear of such persecution.

The record does not compel the conclusion that the some fifteen minute incident of December 30, 2003 in Damak – in which Pyakurel, while walking on a road, was attacked by local Maoist rebels who knocked him down and kicked him, injuring his left toe, unsuccessfully demanding 80,000 rupees (about $1,000) of Pyakurel – constituted persecution. See, e.g., Mikhael v. INS, 115 F.3d 299, 304 & n.4 (5th Cir. 1997).

Nor does the record compel the conclusion that any fear on Pyakurel's part of persecution after he returned to his home city of Kathmandu (to which he took a plane following the December 30 incident), where he, his wife and children made their home, where he had lived since 1994, and where neither he nor any of his family had ever suffered any persecution, would be a well founded or objectively reasonable fear. See, e.g., Lopez-Gomez v. Ashcroft, 263 F.3d 442, 445-46 (5th Cir. 2001).

The BIA did not abuse its discretion in denying Pyakurel's motion to reopen. The March 31, 2007 settlement in which the Maoists became a part of the government does not show that they took any control of the Army, or of law enforcement or the police, or of the local government in Kathmandu, or that the authorities there were substantially unable or unwilling to stop Maoist persecution there of persons such as Pyakurel.

PETITIONS DENIED.